WILKINSON VS. MARTIN.

*Bounty. Money had and received. Variance.*

Action for $200 alleged to have been received by defendant for plaintiff's use. Plaintiff enlisted as a substitute for defendant, and the latter demanded and received from the town $200 as bounty money. There was evidence tending to show that defendant agreed to pay plaintiff the bounty money, expressed a belief that it would be $200, and promised to make up that sum." any way." *Held,*

(1). That defendant could not object that the town was not authorized to pay a bounty to persons who enlisted as substitutes — the town itself not being a party, nor making any objection to plaintiff's recovery.

(2.) That upon the evidence the jury might have found, either that the defendant had received the $200 to plaintiff's use, or that he had contracted absolutely to pay plaintiff that amount.

(3.) That the whole evidence having been received without objection, it is too late to object to a verdict and judgment for plaintiff, that the jury should not have been allowed to consider the question of such contract, under the complaint. Had the objection been taken in time, an amendment of the complaint, so as to let in the evidence, might have been allowed; and the variance must be disregarded on appeal.

APPEAL from the Circuit Court for *St. Croix* County.

Action for money had and received by the defendant from the town of Hudson, as bounty money, for plaintiff's use; for money received by him for a horse sold for plaintiff; and for work and labor done by plaintiff for defendant.

The defendant alleges that he has fully paid for the work and labor, and denies all the other allegations of the complaint.

The testimony on the part of the plaintiff, admitted without objection, tended to show that a bounty of $200 had been offered by the town of Hudson for volunteers into the service of the United States, to fill the quota of that town; that in 1864, the plaintiff, at the solicitation of the defendant, who had been drafted, enlisted as a substitute for said defendant, and was credited on the quota of said town; that, to induce him to do

so, the defendant promised to give him thirty dollars and a pony, and also the town bounty, or, if such bounty did not amount to $200, to give him that amount " any way," and defendant was to keep the pony for plaintiff without charge until he returned; that defendant received the bounty of $200 from the town, on account of having furnished a substitute to its credit on its quota; and had sold the horse which plaintiff had of him, for $125, and received the money therefor, but had paid over only $55 of it to the plaintiff; and that plaintiff had worked for defendant two months, at the agreed price of $30 per month.

The testimony on the part of the defendant tended to show that the only consideration defendant was to give the plaintiff for enlisting, was the horse with the $30, and a saddle and bridle; that he was to receive pay for keeping the horse while plaintiff was absent; and that he had settled with the plaintiff, and had taken his receipt for $10, in full of all demands; which he produced. The plaintiff testified that he could not read nor write, and that he gave the receipt only for the $10 then paid him.

The charge of the court relative to the plaintiff's claim for bounty money, which is the material point in this case, appears in the opinion. The jury gave the plaintiff a verdict for $277.52; a motion for a new trial was overruled, and judgment was entered for that amount; from which defendant appeals.

*Baker & Spooner*, for appellants, claimed that the verdict included the $200 bounty money, being far more than was claimed in the other counts of the complaint; that there was no proof that the defendant ever received any money from the town of Hudson, to which the plaintiff had shown himself entitled under any vote of the town; that the money received by defendant was paid to him for putting a *substitute* into the service, which payment was not authorized by any law, and would not relieve the town from its liability to the plaintiff as a volunteer, if he was entitled to bounty as such.

*H. A. Wilson & A. P. Weld,* for respondent, contended that there was evidence to sustain plaintiff's claim to the bounty money; that, as no law existed at the time authorizing bounties to persons furnishing substitutes, the plaintiff was the only person entitled to the bounty offered, citing *Welch v. Town of Sugar Creek,* 28 Wis., 618; that the defendant, having assumed to receive the money, was liable for it to the plaintiff, citing 3 Johns., 183; that he was also liable for it as a part of the consideration agreed to be paid for plaintiff's enlisting; that the receipt was only *prima facie* evidence, and open to explanation, citing *Hendrickson v. Beers,* 6 Bosw., 639; and that this action is in proper form, the bounty money received by defendant belonging to the plaintiff, either absolutely or by virtue of an assignment from the defendant, citing *Woodward v. Hill,* 6 Wis., 143; *Dumond v. Carpenter,* 3 Johns., 183; *Amidon v. Wheeler,* 3 Hill, 137.

COLE, J.    We do not discover any error in this record which would warrant a reversal of the judgment.    It is said that the jury must have found for the plaintiff on the first cause of action stated on the complaint, and it is objected that there was no evidence whatever tending to prove that the defendant ever received any money from the town of Hudson for his use.    It, however, appears from the bill of exceptions that the defendant, as a part of his own case, proved that he applied to the town for the bounty of two hundred dollars, and that, upon showing that the plaintiff had enlisted as his substitute and had been credited to the town on its quota, he was paid the bounty which the town was at the time paying, namely, the sum of $200.    It appears, then, that the defendant did receive that sum from Mr. Matteson, the committee authorized to pay bounties for the town.    But it is now objected that there was no law then existing which authorized the payment of bounties to persons furnishing substitutes, and that the bounty could only be paid to the volunteer himself, or to some one for

his use.  All this may be admitted, and yet it may be true that the defendant really received this bounty as and for the plaintiff.  It might well be assumed from the facts, that the town authorities saw fit to treat the plaintiff as a volunteer who was entitled to the bounty, since he had enlisted and had been credited on its quota.  Perhaps the town officers took this view of the matter.  It is to be remembered that there is no one here objecting on behalf of the town that there has been a misapplication of its funds, and that the plaintiff is not entitled to receive the money.  Nothing of the kind.  The town has paid this bounty, and does not object, that the plaintiff should recover it.  Why, then, should this defendant be permitted to raise the objection and say, "True, I received this money from the town, but there was no law which authorized the payment of bounties to any persons except volunteers, and, although I agreed to pay it over to the plaintiff, yet I choose now to retain it myself, and interpose a defense for the town that the plaintiff was a substitute and not entitled to this bounty."  Such a defense comes with ill grace from the defendant.

On the trial, the plaintiff testified that the undertaking and agreement between him and the defendant was, that he was to receive this bounty money.  And the plaintiff further testified that he asked the defendant how much it was, and the defendant replied that he thought it was $200, and that, if it was not that much, *he would give the* $200, *any way.*  There was surely a good consideration for such a promise.

The court, upon this point, instructed the jury that, if they should find from the evidence that the agreement was that the plaintiff should have the town bounty, as a part of the consideration for going as a substitute for the defendant, then the plaintiff was entitled to recover it in the action.  The jury either found that this agreement or undertaking was entered into between the parties, or they must have found that the defendant agreed to pay the plaintiff $200, in any event, besides letting him have the horse spoken of in the testimony; and,

which ever conclusion the jury reached upon the evidence, the verdict is right. In the former view, the bounty, in equity and good conscience, belongs to the plaintiff, and the defendant may well be held to have received it for his use from the town. And in the latter case, the defendant owes the plaintiff $200, which he agreed to pay him "*any way.*" True, if the defendant agreed to pay the plaintiff $200 as a part of the consideration for the latter enlisting as his substitute, his cause of action was this express agreement or contract, and not the money had and received. But all the evidence on both sides about the agreement for the enlistment was admitted without objection. If there was any variance between the cause of action stated in the complaint and the one proven on the trial, the objection could have been obviated by an amendment. But no question of that kind was raised in the court below.

In our view, the only question we have to consider is, whether there is any evidence tending to support the verdict. We think there is. There is testimony which tends strongly to show that the agreement between the parties was, that the plaintiff was to have the bounty money paid by the town. If so, it is very plain that the $200 belongs *ex æquo et bono* to the plaintiff and not to the defendant. If the defendant agreed to pay the plaintiff $200 in any event, (besides the horse), as the consideration for the latter enlisting as his substitute, he has still less ground for complaining of the verdict. The technical objection that the plaintiff did not attempt to recover on the latter ground, would be disregarded here, even if made.

*By the Court.*— The judgment of the circuit court is affirmed.